STEELMAN, Judge.
On 18 November 2002, defendant, Roger Alvester Geddie, was indicted on charges of assault with a deadly weapon inflicting serious injury and being a habitual felon. The case was tried at the 2 June 2003 Criminal Session of Johnston County Superior Court.
The evidence presented at trial tended to show the following: On 26 October 2002, Thomas Frazier went to the home of defendant's mother to recover a bicycle. Defendant's mother refused to let Frazier take the bicycle, so Frazier called the police. Officer Robert Powell of the Smithfield Police Department responded to the call, and spoke to Frazier about the bicycle. Officer Powell thenwent to defendant's mother's house and retrieved the bicycle for Frazier.
The bicycle had a flat tire, so Frazier started walking it back to his home. While walking with the bicycle, defendant and Dale Johnson drove up to Frazier and jumped out of their car, approaching Frazier "fussing and cussing." Defendant threatened to shoot Frazier and then got back in the car and left. Frazier started pushing the bicycle again. Soon thereafter, Frazier ran into Helen Geddie, defendant's sister. Frazier was explaining to her what happened when defendant and Johnson returned. Before the car even stopped, defendant had jumped out and started shooting at Frazier. Frazier was shot twice with a small caliber handgun, once in the ankle and once in the knee. Defendant then stuck the gun in Frazier's face and threatened to kill him, before getting back in the car and driving away.
The trial court charged the jury as to the elements of assault with a deadly weapon inflicting serious injury. In regards to the third element, serious injury, the court instructed the jury that "[a] gunshot wound to the ankle or knee would be a serious injury."
Defendant was convicted of assault with a deadly weapon inflicting serious injury. Defendant subsequently entered a plea of guilty to the status as an habitual felon and was sentenced to a term of 107 to 138 months imprisonment. Defendant appeals.
Defendant argues that the trial court erred by failing to define serious injury for the jury, and by instructing the jury that the injuries sustained by the victim were serious injuries asa matter of law. Defendant cites testimony from one of the detectives that the wounds were "small," and contends that reasonable minds could have differed as to the serious nature of the injuries inflicted. Thus, defendant argues that by giving a peremptory instruction that the injury was serious, the trial court invaded the province of the jury to decide if the injury was indeed serious. Defendant further argues that there was insufficient evidence of a serious injury to sustain the conviction.
After careful review of the record, briefs, and contentions of the parties, we find no error. A "serious physical injury" has been defined as an injury "that cause[s] great pain and suffering." State v. Phillips, 328 N.C. 1, 20, 399 S.E.2d 293, 302, cert. denied, 501 U.S. 1208, 115 L. Ed. 2d 977 (1991). " Whether a serious injury has been inflicted depends upon the facts of each case and is generally for the jury to decide under appropriate instructions." State v. Hedgepeth, 330 N.C. 38, 54, 409 S.E.2d 309, 318 (1991), cert. denied, 529 U.S. 1006, 146 S.E.2d 223 (2000). However, where there is no conflicting evidence, the trial judge may peremptorily instruct the jury that "injuries to a victim are serious as a matter of law if reasonable minds could not differ as to their serious nature." Id. at 53, 409 S.E.2d at 318-19 (citations omitted).
Here, the evidence is uncontradicted that: Defendant shot Frazier twice, once in the ankle and once in the knee; Frazier required surgery to remove the bullets from his knee and ankle; that doctors were unable to remove all of the bullet fragments;that one of the bullets shattered the bone around his ankle; Frazier was hospitalized for a week; the injuries required five months of rehabilitation; and that Frazier still has pain in his knee and ankle, cannot run, and has difficulty walking up steps. Based on this evidence, we conclude that reasonable minds could not differ as to the seriousness of Frazier's physical injuries. See e.g. Hedgepeth, 330 N.C. at 55, 409 S.E.2d at 319 (holding that where a victim suffered a gunshot wound to the ear, required emergency room treatment for the gunshot wound, powder burns and lacerations on her hand and head, and who still suffered from ringing in her ears as a result of the injury was sufficient for the judge to instruct the jury that the injury was serious as a matter of law). Thus, the trial court correctly instructed the jury that the injuries were serious as a matter of law, and the defendant's motion to dismiss for insufficient evidence of serious injury was properly denied.
NO ERROR.
Judges HUDSON and THORNBURG concur.
Report per Rule 30(e).